IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>OMAR HERNANDEZ,<br><br>                    Defendant. | CASE NO.  1:11-CR-00449-AWI-BAM-4<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10.  The Court hereby denies the motion.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE      1

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the Court found a base a base offense level of 28 for the amount of methamphetamine involved in the case, a three level reduction for acceptance of responsibility, and a criminal history category of I.  The adjusted offense level of 25 provided for a guideline range of 57 to 71 months.  However, due to the mandatory minimum sentence, the guideline range became 60 to 71 months pursuant to 5G1.1(c)(2).  The Court sentenced the defendant to the 60-month mandatory term of imprisonment on October 22, 2012.

Amendment 782 has not reduced the guideline range applicable in the defendant's case.  While the drug quantity table has reduced his base offense level, the bottom of the defendant's sentencing guideline is still the 60-month mandatory minimum sentence pursuant to U.S.S.G. §  5G1.1(c)(2).  Therefore, the defendant's sentencing range has not changed.  The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   December 22, 2014                    _____
                                                                           SENIOR DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE     2